Mr. Justice Cox
delivered the opinion of the court.
This is an action at law for services rendered by the plaintiffs, by instruction of the defendant, in exchanging the house of defendant for one owned by J. E. Carpenter, the exchange being effected and accepted ; and plaintiffs claim $162.50 as commission for effecting the exchange. The defence was, that without the knowledge of the defendant, these plaintiffs received the sum of $250 from the other party, Mr. Carpenter, who owned the other house. They formally presented this defense by way of set-off’, besides filing the general issue. The set-off is in these words :
“Washington, D. C. Bates & Ryon to M. G. Copeland, Dr. Oct., 1876. Amount paid by J. E. Carpenter, $250.”
After the evidence was given tending to'prove the facts alleged, including a receipt of the plaintiffs to Carpenter in the following terms: “ Washington, D. C., Oct. 25, 1876. Received of John E. Carpenter, esq., two hundreed and fifty dollars for trading his house No. 150 C street, N. E., for house No. 227 Second street N. E., formerly the property of M. Gr. Copeland,” the defendant asked the court to instruct the jury that if they “find that the plaintiffs, as brokers, received commissions from one of the parties to the exchange of the property in question, and the defendant is one of the other parties to the sale or exchange, the ^plaintiffs, as brokers for said defendant, are not entitled to commissions, and their verdict must be for defendant, if they find that the defendant was not informed by the said brokers.” The substance of this prayer is that if, without the knowledge of the defendant, the plaintiffs acted as brokers for the other side, and received compensation therefor, they are not entitled to recover from him.
We all know that in the case of vendor and vendee, the interests of the parties are antagonistic. A man who undertakes to act as agent for either must promote the interest of his principal, and where he assumes to act for both he assumes conflicting duties. For this reason the law frowns upon any such arrangement; although there are some cases in which a man may be broker for both parties. An auc *53 tioneer may act as agent for both parties, simply to sign the memorandum of - sale required by the Statute of Frauds, and a broker to sign bought and sold notes ; but it is clear that a man cannot act for two parties in consummating a sale or exchange, secretly receiving his pay from both. If no money has been paid, I have some doubts -whether, in such case, the party can recover from either ; but if money has been paid, by either, then the rule is, that if an agent received any profit in the business of his principal, beyond his' agreed compensation, he receives it for the benefit of his principal. Therefore, if a man act for both parties, what he recieves from one party is for the benefit of the iother party who is his principal. This rule is laid down in the ease of Raisin vs. Clark, 41 Maryland Reports. In that case the appellant was a real estate broker, and was employed by Mr. Cooper to sell his farm for him in Baltimore county. As Cooper’s agent he advertised the-farm for sale, and the appellee, seeing the advertisement, called upon him and proposed to exchange a house she owned in the city for the farm, and the exchange was effected. Cooper paid the appellant the usual commission of two and a half per cent., and in the action he sought to recover like commissions from the appellee. The "question presented for the determination of the court was whether an agreement for such double commissions, if made, could be enforced by the agent by an action in that behalf-In this state of facts, could he lawfully become the agent of the party by whom the farm was purchased by way of exchange of property? The court say: “In our opinion it is very clear he could not. It is a general rule that a party cannot, in any agency of this kind, act as agent or broker for both vendor and vendee in respect to the same transaction, because in such case there is a necessary conflict between his interest and his duty. The vendor, in the employment of an agent to sell his property, bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit. It is a confidence necessarily reposed in the agent that he will act with a sole regard to the interest of the principal, as far as he lawfully may. The seller of an *54 estate is presumed to be desirous of selling it at as high a price as can fairly be obtained for it, and the purchaser is equally pi’esumed to desire to purchase it for as low a price as he may. The interests of the two are in conflict. Emptor emit quam mínimo potest, venditor vend'd quam máximo potest. But if the same party be allowed to act as agent for both, it becomes his interest to have this maxim reversed, or at least to sacrifice the interests of one or both of his principals in order to advance his own, by receiving double commissions. Hence, the law will not permit an agent of the vendor, whilst that employment continues, to assume the essentially inconsistent and repugnant relation of agent for the purchaser. Indeed, it may be laid down as a general principle that in all cases in which a person is either actually or constructively an agent for other persons, all profits and advantages made by him in the business, beyond his ordinary compensation, are to be for the benefit of his employer. * * * In the case before us the appellant testified that he informed Cooper that the appellee was to pay him commissions if the exchange was made. This would probably prevent a recovery from him by Cooper of such commissions in case they had actually been paid by the appellee, but it does not follow from this that he can enforce the contract against the appellee and compel her to pay them. The rule to which we have adverted forbids the court to entertain an action founded upon such a contract. Nor does it prevent the application of the rule, that this wras an exchange of properties and not a sale of the farm for money. The reasons upon which the sale is founded apply with equal force, whether money, or property at an ascertained value, be received by the vendor for the property he parts with. It is, perhaps, possible for the same agen t to serve both parties to such a transaction honestly and truthfully, but it is very difficult, to do so, and the temptation to do otherwise is so strong that the law has wisely interposed a positive prohibition to every such attempt.”
That ruling would apply to the present case. The defendant employed Bates and Kyon for the purpose of making an *55 exchange of his property. He was then principal; they were his agents according to the rdle ; the $250 received from Carpenter by the plaintiffs enures to the benefit of the defendant who employed them, and although it seems an inaccuracy at first blush to claim this by way of set-off', yet it is correct because it is the money of the defendant which was received by the plaintiffs. We think the judge below ought to have instructed the jury on the facts shown, if believed by them, tnat the plaintiffs were not entitled to recover. A new trial is therefore granted.